White, J,
 

 delivered the following opinion of the court.
 
 *
 

 The record shows that on the trial of the cause, the plaintiff produced and gave in evidence a grant from the state of North Carolina for one thousand acres of land, and deduced a regular title from the grantees to himself for the land described in said grant. In the grant, the one thousand acres, is thus described ; lying and being in the county of Hawkins and eastern district, the south side of Clinch river, on dry Buffaloe ; beginning at a white oak, Thomas Cox’s corner, and running south forty-five east, five hundred poles, crossing the creek to a stake, thence south forty five west four hundred poles along a line of Richard Henderson & co’s. survey to a stake, thence north forty-five west four hundred poles to a stake, thence north forty five east four hundred poles, to the beginning. He also produced a witness, who proved that he had surveyed this land, beginning at a white oak, marked as a corner, and generally
 
 *200
 
 reputed to be Cox’s corner ; that this tree stands on the Buffaloe ; that running from said tree, the course and distance called for, he crossed Baffaloe, as called for, and found old marks on the line ; that the second line called for in the grant will not run with Henderson & co’s. survey, and if you stop at the distance called for, it will not touch the line of Henderson & co. but if you extend the second line one hundred and fifty poles further than called for, you will not intersect Henderson & co’s. line at right angles, and then the third line will be on that of Henderson & co’s. line ; that the line of Henderson & co’s. survey is an old and notorious line
 
 ;
 
 that if you run the plaintiff’s land according to the courses and distances called for in the plaintiff’s grant, the defendant will not be in possession of the plaintiff’s land
 
 ;
 
 but if Henderson & co’s. survey is to form one of the plaintiff’s boundaries, the defendant will be included. The defendant has no title ; the jury found
 
 a
 
 verdict for the defendant; the plaintiff applied for a new trial, which the court refused : The plaintiff tendered a bill of exceptions, and removed the cause into this court, and the question now made is, whether upon the facts disclosed, the line of Henderson & co. ought to be considered one of the boundaries of the plaintiff’s tract
 

 ?
 

 I take the law now to be settled in this state, that marked lines, or natural boundaries, will control either the course or distance called for or both, 1st Haywood 237, 258, 238, 239, 253, 254 and 496.
 

 The principles established by these decisions in North Carolina, have been adhered to by our court. The grounds upon which the courts have proceeded are, to give the grantee the land which was originally surveyed for, and intended to be granted to him. In every ease where a party wishes to disregard coarse and distance, to enable him to comply with a call for a marked line, he ought to give satisfactory evidence of the existence of such line, and where it is.
 

 In this case, from the facts disclosed, I cannot doubt, but the point of beginning fixed on, is the true one ; there is the marked tree standing at the place described; the line running from it is marked, and crosses Buffaloe as called for
 
 one
 
 boundary of this tract is then clearly established. The line of Henderson & co. is an old notorious line; there can be no doubt the surveyor intended it should be another boundary of his tract, because he calls for it as such; but, by mistake he calls for it as the second boundary line, whereas it ought to be the third. By fixing, thus, these two par
 
 *201
 
 allel lines, each of which, it seems to me, is clearly established, and extending the other two lines the courses they call for, until they intersect these lines, it seems to me, there will be included within the plaintiff's grant, the land which the surveyor intended and no more,
 

 The judgment of the circuit court, in refusing a new trial, ought to be reversed, and the cause remanded for another trial
 
 ;
 
 upon which the jury ought to be instructed, that if the line of Henderson & co. is proved to their satisfaction, it ought to be considered as the third boundary line of the plaintiff’s grant.
 

 *
 

 Absent Overton, J.